# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSHUA CACHO,**

       **Plaintiff,**

**v.**                                                    **Case No: 6:23-cv-14-WWB-EJK**

**SUNBILITY LLC and DANIELLE STALLINGS,**

       **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Leave to Amend Complaint (the "Motion"), filed April 21, 2023. (Doc. 32.) Plaintiff has attached the proposed amended complaint. (Doc. 32-1.) Defendants filed a response in opposition on May 4, 2023. (Doc. 34.) Upon consideration, the Motion is due to be granted.

Federal Rule of Civil Procedure 15 provides that leave to amend a pleading prior to trial should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). After a responsive pleading has been filed, a party may amend its pleading only by leave of court or written consent of the adverse party. *Id.* "The court should freely give leave [to amend] when justice so requires." *Id.* While the granting of leave to amend is not automatic, "unless there is a substantial reason to deny leave to amend, the

discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (internal quotation marks omitted).

"A district court [however,] may deny a motion to amend on 'numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393 (11th Cir. 2011) (unpublished) (quoting *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003)). "However, leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) (finding that denial on the basis of futility is improper where determination of a complex factual inquiry is required); *see also Westchester Surplus Lines Ins. Co. v. ATA Fishville FL, LLC*, No. 2:19-cv-297-FtM-38NPM, 2020 WL336246, at *1 (M.D. Fla. Jan. 21, 2020) (finding arguments opposing amendment were better suited for dispositive motions to permit both sides to fully develop and respond to arguments).

Defendants argue that the Motion should be denied as Plaintiff's amendment would be futile. (*See* Doc. 34.) Plaintiff seeks to amend the Complaint to release defendants that should not be a party to this case and more clearly "state which defendants are being accused of which Counts." (*See* Doc. 32.)

The Motion was timely filed in advance of the June 30, 2023, deadline to amend pleadings. (Doc. 35.) Moreover, the case is still in its infancy, and the Court is not persuaded that amendment at this early stage would cause undue delay or prejudice to

Defendants. Plaintiff's amendment will allow for a more streamlined and concise complaint, and is therefore not futile.

Upon consideration, it is hereby **ORDERED** that the Motion for Leave to Amend Complaint (Doc. 32) is **GRANTED**. Plaintiff is **ORDERED** to file his proposed Amended Complaint (Doc. 32-1) **on or before May 23, 2023**. Additionally, Defendants' Joint Motion to Dismiss (Doc. 17) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on May 19, 2023.

_____

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE